CHARLES M. BROOKS, Contestant, Appellant, v. CHARLES FAY, Incumbent, Appellee.

JUNE 26, 1928.

REHEARING DENIED OCTOBER 19, 1928.

*M. X. Geske*, for appellant.

*D. D. Murphy & Son*, for appellee.

STEVENS, C. J.—Charles M. Brooks, appellant, and Charles Fay, incumbent-appellee, were candidates for opposing political parties at the general election held in Clayton County on November 2, 1926, for membership on the board of supervisors. The certificate of election was issued to Fay, whereupon Brooks instituted a contest, upon the ground of alleged misconduct on the part of the judges of election in Marion Township. The record does not disclose the number of votes cast for either candidate in Marion Township nor in the county. The statement of counsel for appellant in argument, that, if the vote in the

challenged precinct be counted, the incumbent was elected by a majority of 115, but if it be rejected, the appellant would have a majority of 34 in the county, is not disputed, and we shall assume that the facts are as stated.

The grounds upon which a contest of the election of a county officer may be based are specified in Section 981 of the Code of 1924, which, so far as material, is as follows:

" * * * 1. Misconduct, fraud, or corruption on the part of judges of election in any precinct, or of any board of canvassers, or any member of either board, sufficient to change the result."

The misconduct charged on the part of the judges of election of Marion Township was the solicitation of votes at the polling place for appellee. While the evidence is in dispute, sufficient was introduced by appellant to show that one or two of the judges of election did, in effect, solicit not to exceed five voters to cast their votes for appellee. This clearly constituted misconduct, within the meaning of the statute.

The quoted provision of Section 981 must be construed and harmonized with Section 984, which is as follows:

"When the misconduct, fraud, or corruption complained of is on the part of the judges of election in a precinct, it shall not be held sufficient to set aside the election, unless the rejection of the vote of that precinct would change the result as to that office."

Subdivision 1 of Section 981 relates to and concerns only a single precinct, and has no general application to the several precincts of the county. The fraud or misconduct mentioned therein refers to the judges of election of the particular precinct the vote of which is challenged.

If it were not for Section 984, the words "sufficient to change the result," as they appear in Subdivision 1 of Section 981, would doubtless be interpreted as applying to the result in the county, and not to the result in the precinct. This construction is foreclosed, however, by the plain terms and provisions of Section 984. The fraud or misconduct of the judges of election in the particular precinct may have been sufficient

to change the result of the election therein, but if the rejection of the vote of that precinct on that ground does not produce the opposite result in the county, the vote of the precinct will not be rejected, and the fraud or misconduct becomes immaterial. We are not dealing with the practical result of the application of the statute generally. The legislature had the right to declare that the vote of a given precinct may be rejected as to a certain office because of fraud or misconduct of the judges of election of such precinct. It also had the power to declare that the vote of such precinct as to a particular office shall be counted, notwithstanding the fraud or misconduct of the judges of election therein by the rejection of the vote, if such rejection would not change the result in the county.

If the words "sufficient to change the result," as used in Subdivision 1 of Section 981, be construed as referring to the result in the county, then Section 984 could be given no practical application. These statutes do not deal with the effect to be given to individual illegal votes that may be cast in different precincts in the county, but they have reference solely to the votes of a particular precinct in which one or more of the judges of election have been guilty of fraud or misconduct sufficient to change the final result of the vote of the candidates for a particular county office. Appellant concedes that, if the burden was on him to show that the misconduct and irregularities complained of were sufficient to change the result in the precinct in question, the evidence introduced does not meet this requirement.

We are constrained to hold that, this being true, the vote of the precinct was properly counted, and should not have been rejected. Of course, the conduct of the judges complained of invites condemnation, but that is all.

It follows that the judgment below must be—*Affirmed.*

EVANS, FAVILLE, ALBERT, MORLING, and WAGNER, JJ., concur.